# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| YOLANDA MARTINEZ, | § | |
| Plaintiff, | § | |
| v. | § | EP-17-CV-00113-LS |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Yolanda Martinez appeals the denial of her applications for disability insurance benefits and supplemental security income under 42 U.S.C. § 405(g). The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C of the Local Court Rules for the Western District of Texas. I **AFFIRM** the Commissioner's decision denying benefits.

## I. Facts and Proceedings

Martinez alleges she became disabled on January 1, 2014[1] due to "[h]yperglyceridemia, depressive order, and malignancy cervix."[2] Martinez, represented by counsel, and a vocational expert ("VE") testified during a hearing before an Administrative Law Judge ("ALJ") on April 26, 2016.[3] In an opinion dated May 9, 2016, the ALJ determined that Martinez was not disabled within the meaning of the Social Security Act.[4] The Appeals Council denied her request for review, making the decision of the ALJ the final decision of the Commissioner.[5]

Martinez argues in this appeal that the ALJ missed or underrated several medical issues,

---

[1] R:175.
[2] R:208.
[3] R:38-66.
[4] R:33.
[5] R:1-4.

overrated her ability to work, and gave insufficient weight to her doctor's opinions.

## II. Discussion

### A. Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: 1) whether the decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards.[6] Substantial evidence is more than a mere scintilla, and less than a preponderance.[7] The Commissioner's findings will be upheld if supported by substantial evidence.[8]

In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[9] Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[10] A court cannot, however, reweigh the evidence or try the issues *de novo*.[11] The Commissioner, not the courts, must resolve conflicts in the evidence.[12]

---

[6] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).
[7] *Masterson*, 309 F.3d at 272.
[8] *Id.*
[9] 20 C.F.R. §§ 404.1520, 416.920; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).
[10] *Perez*, 415 F.3d at 462.
[11] *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985).
[12] *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

### B. Residual Functional Capacity

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[13] The responsibility to determine a claimant's RFC belongs to the ALJ.[14] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[15] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[16] An RFC finding is used to determine if the claimant can still do her past jobs.[17] If unable, the RFC is then used to determine whether she can do other jobs in the national economy.[18]

### C. The ALJ's Findings

In this case, the ALJ found that Martinez had severe impairments that included obesity, insulin-dependent diabetes mellitus, polyneuropathy, and hypertension.[19] None, however, were severe enough to meet or equal an impairment listed in the appendix to the regulations,[20] and the ALJ found that Martinez could still do "medium work."[21] Using vocational expert testimony, the ALJ found that Martinez could still do her past work as a cook helper, packager, and as a restaurant and hospital cook.[22] Accordingly, she found Martinez not disabled and not entitled to disability insurance benefits or supplemental security income.[23]

---

[13] 20 C.F.R. §§ 404.1545, 416.945.
[14] *Id*. at §§ 404.1546, 416.946; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[15] *Perez*, 415 F.3d at 461-62.
[16] *See* 20 C.F.R. §§ 404.1529, 404.1545, 416.929, 416.945.
[17] *Perez*, 415 F.3d at 462.
[18] *Id*.
[19] R:26.
[20] R:29.
[21] R:30; "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c); 416.967(c).
[22] R:33.
[23] *Id*.

### D.  Step Two Error

The burden is on Martinez to establish with acceptable medical evidence that she has a medically determinable impairment. *See Domingue v. Barnhart*, 388 F.3d 462, 463 (5th Cir. 2004). She claims error because the ALJ did not find impairments associated with her left foot or back. I note as an initial matter that Martinez did not apply for disability based on left foot or back impairments,[24] and made no such claims during her hearing. In any event, her medical records reflect a normal foot examination in February 2016,[25] and x-rays of her left foot in April 2016 were all normal.[26] The June 2016 MRI Martinez submitted to the Appeals Council happened after the ALJ's decision, so it cannot be used.[27] I do note, however, that even its results seem to rule out osteomyelitis.[28] Martinez does not explain which of the thirty-six medical records she cites[29] relates to her back impairment claim, but her July her 2014 back x-rays were all normal.[30]

Martinez also argues that her carpal tunnel syndrome ("CTS"), knee pain, and depression should have been deemed "severe" at step two,[31] again based on thirty-six medical records with no explanation about which record relates to which impairment. The ALJ noted that the medical records show Martinez made no CTS-related complaints and had normal extremity findings[32] during medical exams from July 2014 through February 2016.[33] Hand x-rays from July 2014

---

[24] *See* R:208.
[25] R:791.
[26] R:794.
[27] 20 C.F.R. §§ 404.976(b)(1), 416.1476(b)(1)(evidence submitted to Appeals Council must relate to period on or before date of ALJ's hearing decision).
[28] R:11.
[29] ECF No. 13, at 4.
[30] R:414, 610-11.
[31] ECF No. 13, at 4.
[32] R:27.
[33] R:390-95 (July 2014); R:559 (August 2014); R:608 (April 2015); R:731 (September 2015); and R:791 (February 2016).

were also normal.[34] With respect to her knee, Martinez did not apply for disability based on knee problems and did not claim knee problems during her hearing. The records reflect she complained about knee pain in January 2015,[35] but not again from April 2015 onward.[36] Finally, Martinez makes a general assertion that the record shows her depression is a severe impairment, but provides no further argument or explanation in this regard. I reviewed the ALJ's legal analysis and record citations regarding Martinez's depression, and agree with the ALJ's conclusions.

The ALJ properly considered all of the opinion and medical evidence at step two, and substantial evidence supports her decision.

**E. RFC Error**

A licensed clinical psychologist examined Martinez in May 2015 and found that she "would not have difficulty maintaining consistent employment from a mental health standpoint."[37] He found that she could carry out basic instructions, exhibit contextually appropriate behavior, and although in a depressed mood, her prognosis was good.[38] Moreover, during her hearing, Martinez explained that she was working at the Olive Garden restaurant "cooking in the back" and preparing the "salads and desserts...pastas and then the seafood,"[39] but stopped working when her job duties were changed to "bring[ing] stuff from the back [of the restaurant] to the front."[40] Mental limitations, if any, were not the reason Martinez stopped working. The ALJ reviewed the psychologist's examination and the "record as a whole" and found that Martinez's depression does not cause more than a minimal limitation on her ability to work.[41] Substantial

---

[34] R:392.
[35] R:582.
[36] R:608 (April 2015); R:731 (September 2015); and R:750 (December 2015: "Pain 0/10").
[37] R:342.
[38] R:341-42.
[39] R:51.
[40] R:53.
[41] R:28.

evidence supports this conclusion, and it was not error to omit mental limitations from Martinez's RFC.

### F. Giving insufficient weight to a treating physician's opinion

Finally, Martinez argues that the ALJ gave insufficient weight to an October 2014 preprinted form on which Dr. Jorge Guzman checked boxes indicating that Martinez could lift less than ten pounds, stand or walk "at least 2 hours in an 8-hour workday," and could only "occasionally" or "never" climb, kneel, crouch, crawl, or stoop.[42] Martinez also argues that ALJ gave insufficient weight to an August 2014 letter in which Dr. Guzman explains that Martinez's diabetes makes it "slightly" difficult for her to walk.[43] The ALJ explained that she gave little weight to the August 2014 letter because the term "slight" is vague and offers no guidance about Martinez's limitations during an 8-hour workday.[44] The ALJ also explained that she gave little weight to the October 2014 report with the checked boxes because it contradicts Dr. Guzman's longitudinal treatment history reflecting the absence of significant neurological deficits.[45]

Ordinarily the opinion of a treating physician who is familiar with the claimant's conditions should be accorded great weight in determining disability.[46] However, good cause may permit an ALJ to discount the weight of a treating physician when the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence.[47]

The ALJ did not err in assigning "little weight" to these records because they are inconsistent with Dr. Guzman's long-term medical observations of and records regarding Martinez,

---

[42] R:541-42.
[43] R:516.
[44] R:32.
[45] *Id*.
[46] *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).
[47] *Id*. at 456.

are vague, and the checked boxes, without explanation, are quintessentially conclusory.[48] Substantial evidence supports the ALJ's decision to give these records little weight.

The ALJ properly considered all of the opinion and medical evidence in this case, and substantial evidence supports her decision. I find no legal error, and the decision of the Commissioner is **AFFIRMED.**

**SIGNED** and **ENTERED** July 9, 2018

_____
**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**

---

[48] *See Simmons v. Colvin*, 635 F. App'x 512, 515 (5th Cir. 2015).